# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| VAN LE,<br>              Appellant, | DOCKET NUMBER<br>SF-0752-16-0306-I-1 |
|       v. | |
| DEPARTMENT OF HOMELAND<br>   SECURITY,<br>             Agency. | DATE: December 16, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Henry E. Leinen, Pacific Grove, California, for the appellant.

Brian P. Beddingfield and Kenneth Sogabe, San Francisco, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The agency removed the appellant from the GS-12 Customs and Border Protection (CBP) Officer position based on the following charges: (1) lack of candor; (2) conduct unbecoming; (3) failure to follow leave policy; and (4) misuse of official badge. Initial Appeal File (IAF), Tab 4, Subtabs 4a, 4b, 4g.

¶3 Regarding charge (1), the agency alleged that the appellant: (1) in 2006, failed to disclose on an Electronic Questionnaire for Investigations Processing (e-QIP), in response to the question whether he had ever been charged with or convicted of a firearms or explosives offense, that, in 1992, he was charged with Criminal Possession of a Weapon in the Third Degree under New York Penal Law § 265.02; (2) in 2006, in response to a Background Investigator's question whether he had ever been arrested, failed to disclose his 1992 firearm arrest; and (3) in 2012, in response to a Background Investigator's question whether he had ever been charged, investigated, or had allegations made against him by any entity in relation to the improper use, discharge, display, or storage of a firearm, he failed to disclose his charge of Criminal Possession of a Weapon in the Third Degree, stemming from his 1992 arrest. IAF, Tab 4, Subtab 4g.

¶4 Regarding charge (2), the agency specified the following: on dates unknown, the appellant deposited approximately $80,000 in increments under

$10,000 to avoid the requirement that banks report any deposits over $10,000; and in 2009, he served as a strawman (a person to whom title to property is transferred for the sole purpose of concealing the true owner) for the purchase of a house located in Weymouth, Massachusetts, for his brother-in-law's sister in violation of 18 U.S.C. § 1344.[2]  IAF, Tab 4, Subtab 4g.

¶5        Regarding charge (3), the agency specified that the appellant used 72 to 80 hours of military leave to go to Vietnam for pleasure and, on 4 occasions, took sick leave on the day of his return from his visit to Vietnam when he had no personal medical or other need that would justify use of sick leave.  *Id.*

¶6        Regarding charge (4), the agency specified the following: on or about June 16, 2014, while the appellant was not on duty, he used his badge to facilitate his travel on military orders; and on April 20, 2014, while he was not on duty, the appellant used his badge to meet his brother-in-law.  *Id.*

¶7        The appellant appealed the agency action.  IAF, Tab 1.  He explained that in 1992, a weapon was found in his automobile during a border search by CBP's predecessor agency, the U.S. Customs Service, as he returned to the United States from Canada through New York.  The appellant explained that the U.S. Customs Service referred the matter to the local state law enforcement agency.  He argues that his responses to the Background Investigator's questions in 2006 and 2012 did not amount to lack of candor about the 1992 incident because:  the alleged firearm arrest occurred more than 7 years prior to his responses and many questions on the e-QIP asked for information about occurrences within the past

---

[2] Under 18 U.S.C. § 1344,

    Whoever knowingly executes, or attempts to execute a scheme or artifice—

(1) to defraud a financial institution; or

(2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;

    shall be fined not more than 1,000,000 or imprisoned not more than 30 years, or both.

7 years; and his infraction amounted to a petty offense—a violation of administrative regulation—and not a criminal offense. He also argues that that he had never been charged with an offense about the manner of his bank deposits. Additionally, he asserts that he did not violate the agency's leave policy, and, regarding the misuse of leave charge, he contends that the charge constitutes a violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA). Finally, the appellant admitted responsibility to misusing his official badge, but contends that he should not be removed for that offense alone.

¶8    Based on the record, including the testimony at the hearing, the administrative judge found that the agency proved charge (1), one specification of charge (2), and charge (4). IAF, Tab 39, Initial Decision (ID) at 3-15. The administrative judge did not sustain the specification of charge (2) that the appellant acted as a straw man for the purchase of property in Massachusetts because the agency failed to prove the elements of the criminal charge of a violation of 18 U.S.C. § 1344, as charged. Nonetheless, she found the agency proved the charge because it proved one specification of the charge. The administrative judge did not address charge (3) because the agency withdrew it prior to the hearing. IAF, Tab 4.[3] She also found that the appellant failed to establish a due process violation or harmful procedural error. ID at 15-17. Notwithstanding that the agency withdrew charge (3), and that the appellant alleged a USERRA violation only regarding that charge, the administrative judge found that the appellant failed to prove that his military service was a substantial or motivating factor in the decision to remove him. ID at 17-18. Finally, the administrative judge found nexus between the misconduct and the efficiency of

---

[3] The administrative judge docketed a separate appeal for charge (3) because it was the only charge that the appellant alleged violated his rights under USERRA. *See Le v. Department of Homeland Security*, MSPB Docket No. SF-4324-16-0454-I-1.

the service and that the removal penalty was within the bounds of reasonableness for the proven charges. ID at 18-22.

¶9     In his petition for review, the appellant contends that the agency failed to prove that his omitting his arrest on gun charges in New York in 1992 was done knowingly. Petition for Review (PFR) File, Tab 1. He argues that the U.S. Customs Service did not treat the incident as an arrest because it was not entered into the Customs Seized Asset Control and Tracking System (SECATS). He also argues, as he did below, that most of the pages of the e-QIP that he completed in 2006 contain the caveat "in the past seven (7) years" and only the page asking about arrests and gun violations does not contain that caveat. The appellant argues that he applied the caveat when answering on the form, but that he candidly answered when he was questioned about his response in 2015. He contends that he was unaware that he was charged with a firearm offense in 1992. The appellant also contends that the agency's charge, although labeled lack of candor, was actually a charge of falsification.

¶10    As to charge (2), the appellant contends that the agency failed to prove that any deposits were made to any bank accounts. He admits that he made the deposits, but denies that he was structuring the deposits to amounts less than $10,000.

¶11    As to charge (4), the appellant contends that the agency failed to prove that employees while off duty are prohibited from using the employee-only entry at the San Francisco International Airport (SFO). He asserts that he bypassed the line to check identification, but did not bypass security. He states that the policy regarding use of his badge at the SFO is in question. He notes that the administrative judge issued a subpoena duces tecum for the policy, and when the agency did not respond, he moved for enforcement; however, the administrative judge denied the motion. He contends that this policy is important evidence because the administrative judge improperly found that the Security Identification Display Area (SIDA) badge also contained a CBP sticker. Thus, he only used the

SIDA badge to bypass certain lines in the SFO. He also contends that the administrative judge improperly construed charge (4) as misuse of Government property.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶12    Lack of candor "is a broader and more flexible concept" than falsification. *Ludlum v. Department of Justice*, 278 F.3d 1280, 1284 (Fed. Cir. 2002). However, although lack of candor does not require an affirmative misrepresentation, it involves an element of deception. *Id*. at 1284-85. An agency alleging lack of candor must prove the following elements: (1) that the employee gave incorrect or incomplete information; and (2) that he did so knowingly. *Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330, ¶ 17 (2016).

¶13    Contrary to the appellant's assertion on petition for review, his arrest in 1992 was entered into SEACATS. IAF, Tab 4 at 138-45. As the administrative judge found, SEACATS records show that the appellant was arrested after U.S. Customs Service inspectors found a loaded Glock 17 automatic handgun for which the appellant claimed ownership and he was arrested late in the evening of August 12, 1992. ID at 5. As she also found, the clear instructions on the e-QIP asked if the appellant had "ever" been charged with a firearms offense, making it clear that this question was not limited to offenses within the preceding 7 years. The appellant's assertion that he was misled by the fact that other questions on the e-QIP asked for information for only the 7 years prior to completing the form is unavailing.

¶14    The administrative judge addressed the appellant's assertion that he did not know that he had been charged with a firearms offense because he was fined and the court record was sealed. The administrative judge found that the appellant's assertion was not credible because he admitted that the U.S. Customs Service Inspector told the appellant he was in trouble because of the gun, he was

handcuffed, placed into a police vehicle, taken to court where he appeared before a judge, and was ultimately convicted of an infraction. Additionally, she found that the appellant made multiple inconsistent statements, he was evasive and ambiguous, and his responses were ever-shifting. ID at 8. The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). We find no "sufficiently sound" reasons to overturn the administrative judge's credibility determination. The appellant's assertion in his petition for review that the agency failed to prove that his failure to report his arrest on firearms charges in 1992 was knowing is unavailing.

¶15 To sustain a falsification charge, an agency must prove by preponderant evidence that the appellant knowingly supplied incorrect information with the intention of defrauding, , or misleading the agency. *Seas v. U.S. Postal Service*, 73 M.S.P.R. 422, 427 (1997). Here, the agency's charge is that the appellant failed to disclose information, not that he supplied incorrect information. The agency repeated in each of the specifications of charge (1) that the appellant's misconduct was that he "failed to disclose" information that he should have disclosed in response to the questions that he was asked. IAF, Tab 4 at 61. Contrary to the appellant's assertion, the agency did not charge the appellant with falsification.

¶16 To prove a charge of conduct unbecoming a Federal employee, an agency is required to demonstrate that the appellant engaged in the underlying conduct alleged in support of the broad label and that the conduct was improper, unsuitable, or detracted from his character or reputation. *See Social Security Administration v. Long*, 113 M.S.P.R. 190, ¶ 42 (2010). Here, the appellant admitted in his affidavit that he hid $80,000 in his basement and that he would from time to time deposit $8,000, $9,000, or $7,000 to try to avoid the forms that

are filed by the teller, forms that ultimately go to the Internal Revenue Service. IAF, Tab 5 at 152. As the administrative judge found, the appellant admitted that he had knowingly structured cash deposits into a financial institution in violation of 31 U.S.C. § 5324, which is a criminal statute regarding structuring deposits to avoid the required reporting of transactions that are $10,000 or more. ID at 11. The administrative judge found that the appellant's admission established that his conduct was both improper and unsuitable for a Federal employee, especially a CBP Officer whose role is to enforce similar Federal laws. Under the circumstances, the appellant's admission that he made the deposits as charged is sufficient to prove the charge, notwithstanding that the agency did not submit bank records of the deposits. The appellant's assertion that the agency failed to prove the charge of conduct unbecoming is unavailing.

¶17    As noted, the agency charged the appellant with using his SIDA badge while he was off duty to facilitate his travel on military orders and, on another occasion, to meet his brother-in-law at the airport. In his hearing testimony, the appellant admitted that he used his SIDA badge for these purposes. The administrative judge noted that the agency did not show that SFO policy prohibits use of the SIDA badge as the appellant did. ID at 14. She found, however, that the SIDA badge is issued by the SFO, but has on it a CBP sticker that is controlled by the agency. She found that the appellant's use of the CBP identification violated the agency's Standards of Conduct provision that employees will not use any CBP identification, or other form of identification associated with their employment, in a manner that may reasonably give the perception that they are using the identification for personal benefit. IAF, Tab 6 at 115.

¶18    In his petition for review, the appellant asserts that the administrative judge erred in finding that his SIDA badge contains a CBP sticker. He asserts that the CBP sticker is affixed only to SIDA badges possessed by civilians who require entry into the airport's Federal inspection station. With his petition, he submits

an application for an identification card that he asserts shows that CBP stickers are issued only to civilians.

¶19    The appellant's submission on petition for review is new evidence. Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). The appellant has not shown that the application for an identification card was unavailable prior to the close of the record below and so we need not consider it on that basis.

¶20    In any event, the application is insufficient to rebut the testimony that the appellant's SIDA badge contained a CBP sticker. Further, however, assuming without finding that the appellant's SIDA badge did not contain a CBP sticker, the agency policy is broadly worded to prohibit employees from using any CBP identification, or other form of identification associated with their employment, in a manner that may reasonably give the perception that they are using the identification for personal benefit. Here, the SIDA badge was associated with the appellant's employment, and his use of it for personal benefit violated the agency's Standards of Conduct. To the extent that the administrative judge may have erred in finding that the appellant's SIDA badge contained a CBP identification, her error was harmless and did not affect the appellant's substantive rights. *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

¶21    Also, the appellant asserts that the administrative judge erred in denying his motion to enforce the subpoena duces tecum that sought records regarding SFO's SIDA badge training syllabus. IAF, Tabs 34, 36. The appellant asserts that the training syllabus would have shown that he did not improperly use the SIDA

badge. However, even if the appellant could have shown that his use of the SIDA badge was not an SFO policy violation, the agency established that its use for personal benefit violated the agency's Standards of Conduct. Consequently, the administrative judge's denial of the appellant's motion to enforce the subpoena duces tecum did not harm the appellant's substantive rights. *See Panter*, 22 M.S.P.R. at 282.

¶22 As the appellant asserts, the administrative judge characterized charge (4) as misuse of Government property. The agency did not charge the appellant with that offense. Rather, the agency charged the appellant with misuse of an official badge. IAF, Tab 4 at 62. To the extent that the administrative judge erred in her characterization of charge (4), her error did not harm the appellant's substantive rights because the agency proved misuse of the SIDA badge was a violation of the agency's Standards of Conduct. *See Panter*, 22 M.S.P.R. at 282. Thus, the appellant's assertions in his petition for review regarding charge (4) are unavailing.

¶23 In his petition, the appellant does not allege error in the administrative judge's findings that he failed to prove his affirmative defenses of due process violation and harmful procedural error and that the agency proved that the removal penalty was within the bounds of reasonableness. We find no basis to disturb those findings. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same). The administrative judge properly sustained the agency's removal action.

¶24 Accordingly, we affirm the initial decision.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:           _____
                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.